**Luan NOKA, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 08–0818–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 20, 2008.

Luan Noka, Bronx, NY, pro se.

Gregory G. Katsas, Assistant Attorney General, Terri J. Scadron, Assistant Director, Anthony Norwood, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: PIERRE N. LEVAL, SONIA SOTOMAYOR and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Luan Noka, a native and citizen of Albania, seeks review of a February 7, 2008, order of the BIA affirming the March 7, 2006, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Luan Noka,* No. A98 648 177 (B.I.A. Feb. 7, 2008), *aff'g* No. A98 648 177 (Immig. Ct. N.Y. City Mar. 7, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have jurisdiction to review the denial of relief in "asylum-only" proceedings under 8 U.S.C. § 1252(a)(1) because such a denial is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006). When the BIA's decision affirms in part and modifies in part the decision of the IJ, this Court reviews the decision of the IJ as modified by the BIA. *See Brito v. Mukasey,* 521 F.3d 160, 163 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Monter v. Gonzales,* 430 F.3d 546, 553 (2d Cir.2005). We construe the submissions of *pro se* petitioners liberally to raise

the best arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006).

We find that substantial evidence supports the agency's conclusion that conditions in Albania have fundamentally changed such that Noka does not have a well-founded fear of persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006) (affirming agency's finding that an applicant was ineligible for asylum or withholding of removal based on material political changes in Albania). Noka stipulated that the Democratic Party, of which he is a member, presently controls the Albanian government. Further, as the BIA noted, the record contains a 2004 U.S. State Department Report indicating that Albania generally respects the rights of its citizens and that there were no politically motivated killings or reports of political prisoners being taken in 2004. The BIA cited a lack of evidence that the government would "turn a blind eye" to any future mistreatment of Democratic Party members.

Noka points to no evidence compelling a contrary conclusion; therefore, we will not disturb the agency's decision. *See* 8 U.S.C. § 1252(b)(4)(B). Under these circumstances, the agency properly denied Noka's claim for asylum and his claim for withholding of removal, which was based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (noting that a withholding claim necessarily fails if applicant is unable to show objective likelihood of persecution needed to make out an asylum claim).

In his appeal to the BIA, Noka failed to challenge the IJ's finding that he did not qualify for "humanitarian asylum" pursuant to *In re Chen,* 20 I. & N. Dec. 16, 19–21 (B.I.A.1989). Although the Government does not argue that this failure to exhaust should preclude our consideration of this issue, *see Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007) (describing the issue exhaustion requirement as an "affirmative defense subject to waiver"), we decline to consider it. *See id.* at 107 n. 1(b) ("Even if the government does not point out a failure to exhaust an issue before the agency, such a failure to exhaust is sufficient ground for the reviewing court to refuse to consider that issue.").

Finally, as Noka failed to raise his CAT claim in his brief to this Court, it is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.